IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CODY MILLER WILLIAMS, | Civ. No. 4:23-cv-00054-BLW |
| Plaintiff, | Crim. No. 4:19-cr-00181-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Three motions are before the Court: the Government's Motion to Dismiss (Civ. Dkt. 4), Williams' Motion to Grant Petition and Appoint Counsel (Civ. Dkt. 7), and Williams' Motion to Reschedule Briefing and Appoint Counsel (Civ. Dkt. 9 & 10).[1] For the reasons explained below, the Court will deny the Government's motion as moot and deny Williams' motions except to the extent they request a new briefing schedule.

## BACKGROUND

Cody Miller Williams pleaded guilty to possession of a firearm by a prohibited person. In December 2021, the Court sentenced him to 42 months' incarceration followed by three years' supervised release. Shortly thereafter,

---

[1] The documents appearing at Dkts. 9 & 10 in this civil case are identical and will therefore be treated together in this Order.

Williams filed a Notice of Appeal as to this Court's earlier denial of his motion to suppress. Crim. Dkt. 82.

On January 31, 2023, Williams also filed a Motion to Vacate under 28 U.S.C. 2255 ("§ 2255 Petition"). Crim. Dkt. 97; Civ. Dkt. 1. He asked that an attorney to be appointed to represent him and claimed that his right to due process was violated at sentencing. On February 28, 2023, the Government filed a motion to dismiss the § 2255 Petition because Williams' appeal was still pending before the Ninth Circuit. Civ. Dkt. 4. Under Ninth Circuit precedent, for reasons of judicial economy, a district court should not entertain a habeas corpus petition while an appeal of the underlying judgment or order is pending. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

Shortly after the Government moved to dismiss this action, the Ninth Circuit issued an order affirming this Court's denial of Williams' motion to suppress. Crim. Dkt. 98. Although that order was issued on March 1, 2023, Williams had ninety days thereafter to file a petition for writ of certiorari before the United States Supreme Court. *See* Supreme Court Rule 13. During that window, the appeal was effectively still pending, so Williams' § 2255 Petition remained premature until the window closed on June 1, 2023.

Now that the time for Williams to appeal the Ninth Circuit's decision has passed, the Court will take up the pending motions and set a new deadline for the Government to answer the § 2255 Petition.

## ANALYSIS

### 1.     Government's Motion to Dismiss (Dkt. 4)

The Court will deny the Government's Motion to Dismiss (Dkt. 4) as moot. Williams lost his appeal on March 1, 2023, and his window for filing a petition for writ of certiorari closed on June 1, 2023. Accordingly, there is no pending appeal that would preclude this Court from entertaining the § 2255 Petition.

### 2.     Williams' Motion to Grant Petition and Appoint Counsel (Dkt. 7)

The Court will also deny Williams' motion to summarily grant his § 2255 Petition and appoint counsel. He first argues that the Government failed to timely respond to his Petition. But that is not true because, as discussed, his Petition was premature until June 1, 2023. Second, he notes that "if this is confusing to the court might the court [sic] appoint an attorney to help translate." Civ. Dkt. 7 at 1. To the extent this constitutes another motion to appoint counsel, the Court will deny it for the same reasons the Court denied Williams' prior motion to appoint counsel. *See* Civ. Dkt 8.

### 3.     Williams' Motion to Reschedule Briefing and Appoint Counsel (Dkts. 9 & 10)

The Court will partially grant Williams' final motion (Dkts. 9 & 10) and set a new deadline by which the Government must answer his § 2255 Petition. However, for the same reasons previously given (Civ. Dkt. 8), the Court will deny the motion to the extent it seeks appointment of counsel.

## ORDER

**IT IS ORDERED that:**

1.   The Government's Motion to Dismiss (Dkt. 4) is **DENIED as MOOT**.

2.   Williams' Motion to Grant Petition and Appoint Counsel (Dkt. 7) is **DENIED**.

3.   Williams' Motion to Reschedule Briefing and Appoint Counsel (Dkts. 9 & 10) is **GRANTED in part and DENIED in part.** It is granted in that the Government must file a written response to Williams' § 2255 Petition no later than August 30, 2023, and Williams shall have until September 13, 2023, to file any reply brief. The motion is denied to the extent it seeks appointment of counsel.

DATED: August 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge